UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | |
|---|---|
| ELEAZAR AVILA GUERRERO, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | MISC. NO. B-99-39 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION. § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Eleazar Avila Guerrero (Petitioner) is a prisoner incarcerated in the Jordan Unit in Pampa, Texas. Petitioner was convicted of murder with a deadly weapon and sentenced to fifty years imprisonment on June 10, 1993. *Ex Parte Guerrero,* Application No. 37,082-01, at 95, 101. The Thirteenth Court of Appeals affirmed Petitioner's conviction on September 14, 1995. *Id* at 131. Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner filed a state application for a writ of habeas corpus, which the 107th District Court denied on March 16, 1998. *Id* at 54-57. The Texas Court of Criminal Appeals subsequently reviewed the petition. The Court of Criminal Appeals remanded the petition to the lower court on May 6, 1998 in order to obtain further findings of fact to support the lower court's decision. *Ex Parte Gorier,* Application No. 37,082-01, After Remand at 1-3. The Court of Criminal Appeals remanded a second time on October 21, 1998, again to obtain additional findings of fact. *Texas Court of Criminal Appeals Letter and Order of October 21, 1998,* at 1-3. On April 28, 1999, the Court of Criminal appeals denied the petition without written order on the findings of the trial court. *Ex Parte Guerrero,* Application No. 37,082-01, After Second Remand at cover.

1

Petitioner now seeks federal habeas relief pursuant to 28 U.S.C. § 2254 on the following grounds:

1. Ineffective assistance of appellate counsel when counsel failed to designate the proper record.

Respondent Johnson has filed a Motion to Dismiss Pursuant to 28 U.S.C. § 2244.

## ANALYSIS

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Petitioner filed his §2254 petition on December 2, 1999. *Petition for a Writ of Habeas Corpus by a Person in State Custody* at cover. Thus, his petition is subject to the provisions of the AEDPA.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or by expiration of the time for seeking such review. 28 U.S.C. §2244 (d)(1)(A).

The Texas Rules of Appellate Procedure state that a party must file a petition for review with the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. TEX. R. APP. P. 68.2(a).

Here, the Thirteenth Court of Appeals entered judgment on September 14, 1995. As such, the time to file a petition for review with the Texas Court of Criminal Appeals expired 30 days later, on October 14, 1995. Thus, the conviction became final on October 14, 1995, and the limitation period to file a federal habeas petition expired one year later, on October 14, 1996. As Petitioner did not file his petition until December 2, 1999, his petition is untimely.[1]

---

[1] The Fifth Circuit recently announced in *U.S. v. Gamble* that a federal defendant's conviction becomes final for the purposes of the AEDPA when the 90 day time period for seeking certiorari in the U.S. Supreme Court expires, even where a petitioner has not actually sought a writ of certiorari. *U.S. v. Gamble*, No. 98-50920, 2000 WL 342227 (5th Cir. April 18, 2000). *Gamble* appears to apply only to federal defendants. *Id.* However, assuming arguendo that *Gamble* applies to a state defendant such as Petitioner, his petition is still barred:

2

However, the Fifth Circuit held that a petitioner whose conviction preceded the AEDPA is allowed a reasonable time period from the date the AEDPA was passed to bring their habeas petition. *United States v. Flores,* 135 F.3d 1000, 1005 (5th Cir. 1998). This reasonable time period runs from April 24, 1996 to April 24, 1997. *Flores,* 135 F.3d at 1006.

Petitioner's conviction became final on October 14, 1995. Consequently, his conviction preceded the AEDPA, and he is entitled to this reasonable time period. Again, Petitioner did not file his §2254 petition until December 2, 1999. As this is well beyond the April 24, 1997 deadline, his petition is still time barred.

Finally, the limitation period for filing a federal habeas petition is tolled while a state post-conviction review is pending. 28 U.S.C. §2244(d)(2). Petitioner's state habeas petition was filed on February 24, 1998, and decided on March 28, 1999. *Ex Parte Guerrero,* Application No. 37,082-01, at 1; *Ex Parte Guerrero,* Application No. 37,082-01, After Second Remand at cover. Since this petition was not pending during the one year limitation period or the one year reasonable time period, it has no tolling effect, and the petition remains barred.

Thus, Petitioner's application for federal habeas relief should be DENIED, and Respondent's Motion to Dismiss should be GRANTED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's's petition for habeas relief should be DENIED, and Respondent's Motion to Dismiss Pursuant to 28 U.S.C. §2244(d) should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on

---

A party must file for a writ of certiorari in the U.S. Supreme Court within 90 days after the state court of last resort denies discretionary review. SUP CT. R. 13. As Petitioner's conviction became final in the Texas Court of Criminal Appeals on October 14, 1995, Petitioner's deadline to seek certiorari expired 90 days later, on January 12, 1996. The conviction became final on that date for purposes of review in the Supreme Court, and the one-year limitation period to file a federal habeas petition expired on January 12, 1997. Again, Petitioner did not file his federal petition until December 2, 1999, well after the January 12, 1997 deadline. As such, even with the *Gamble* 90 day allowance, Petitioner's habeas petition is still time barred. *Id.*

3

appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 12th day of May, 2000.

_____
Felix Recio
United States Magistrate Judge